BLUMENTHAL v. LITTLEFIELD.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

1. LANDLORD AND TENANT ☞109—LEASES—SURRENDER—CONSTRUCTION.
    Instrument surrendering lease or tenancy in specified premises "as now occupied by me," and re-leasing "the said premises" as a monthly tenant, is not ambiguous, but the quoted words apply to the new lease as well as the old, so that plaintiff lessee could not recover billboard rentals paid by other persons to lessor, if he failed to show occupancy of the billboards at the date of the contract.
        [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. ☞109.]

2. EVIDENCE ☞448—PAROL EVIDENCE—EXPLAINING AMBIGUITY.
    Where defendant seeks to show circumstances and negotiations leading up to the making of a lease, evidence thereof was erroneously excluded, if the instrument was ambiguous.
        [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. ☞448.]

Appeal from City Court of New York, Trial Term.

Action by Bernhard Blumenthal against Charles E. Littlefield, as administrator with the will annexed of Mary G. Pinckney, deceased. Judgment on directed verdict for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Elkus, Gleason & Proskauer, of New York City (Abram I. Elkus and William E. Collins, both of New York City, of counsel), for appellant.

Gilbert Ray Hawes, of New York City, for respondent.

BIJUR, J. This action was brought to recover certain rentals collected by defendant for the use of fence signs upon the property involved in the controversy. Under the date of April 28, 1911, plaintiff and defendant executed a paper reading in substance as follows:

"I, Bernard Blumenthal, do hereby certify * * * that I * * * have surrendered and do hereby surrender any lease or tenancy that I have in the premises [described] as the same are now occupied by me, and that I

have hired and taken the said premises * * * for the term of one month as a monthly tenant only at the monthly rental of $2.50."

[1, 2] At the trial the plaintiff put this instrument in evidence, and defendant conceded that he had collected from May 1, 1911, to January 1, 1914, the rentals for billboard privileges on fences situated on the property described by metes and bounds. Plaintiff then rested, and defendant moved to dismiss on the ground that the words "as the same are now occupied by me" qualified, not merely the premises surrendered, but the premises newly leased, and that, as the plaintiff had failed to show that the fences had been and were occupied by him on April 28, 1911, he had failed to prove his cause of action. The learned judge below indicated later that he was of the impression that these words qualified only the premises surrendered, and not the premises as newly hired. In this I think that he was in error, and that the complaint, therefore, should have been dismissed.

Defendant thereupon proved that since May, 1905, certain bill-posting companies had paid the rental for the billboard privileges on these fences to defendant, and none to plaintiff. On cross-examination it appeared that at some time prior to 1909 some rent had been paid for billboard privileges to the plaintiff; but apparently at the time of the execution of the paper of April 28, 1911, the rents were being paid to the defendant. Defendant then undertook to prove the negotiations which preceded the making of the instrument of April 28th, and the circumstances existing at the time, on the supposition that the instrument was ambiguous; but the court ruled that it was not, and excluded the testimony. The renewed motion to dismiss the complaint was denied, and the motion of plaintiff for the direction of a verdict granted.

I do not think that the instrument is ambiguous, but that the qualifying words relate clearly as well to the premises newly leased as to those surrendered; in other words, that the instrument means that the plaintiff was hiring anew as a monthly tenant the premises which he was then surrendering "as now occupied by me." In this view, therefore, the complaint should have been dismissed, on plaintiff's failure to prove that the rentals collected since May 28, 1911, had been for the use of the whole or any part of the premises "as occupied" by him on April 28, 1911. Moreover, if the instrument be regarded as ambiguous, the proof offered by defendant as an aid in its interpretation should have been admitted.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

PAGE, J., concurs.

SHEARN, J. I concur, on the ground that the contract is uncertain and ambiguous, and therefore parol evidence should have been received to make certain and clear the true intention of the parties.